## PEOPLE *v.* RICE.

Criminal Law—Cross-Examination—Conduct of Counsel.

In a criminal prosecution, where, on the cross-examination of a witness for the people who had not shown any disposition to suppress facts, respondent's counsel had asked a series of questions suggestive of officious intermeddling in the prosecution, and calculated to reflect on her rectitude of conduct, the witness was entitled to the protection of the court, and it was not error to exclude the question, "And isn't it true that you have done all that you could to secure a conviction of the respondent in this case?"

Exceptions before judgment from Wexford; Chittenden, J.  Submitted February 26, 1904.  (Docket No. 47.) Decided May 31, 1904.

Edwin Rice was convicted of violating the liquor law. Affirmed.

*D. E. McIntyre* (*F. O. Gaffney*, of counsel), for appellant.

*Fred C. Wetmore*, Prosecuting Attorney, for the people.

Grant, J.  Respondent was convicted of keeping his saloon open after 9 o'clock at night, contrary to the statute.  The only assignment of error entitled to consideration arises out of the testimony of one Mrs. Worden, who

was a witness for the prosecution. She testified that her husband and a visitor at her house went to defendant's saloon after supper on the night in question; that her husband returned shortly after 10 o'clock, saying that their visitor was intoxicated, and they had put him to bed over at the saloon; that she went to the back door of the saloon, and called for Mr. Rice; that he came out, and afterwards brought out the visitor with him. On cross-examination the following occurred:

" Q. Who was the cause of making this complaint ?

"A. You will have to ask the ones that made it.

" Q. Well, ain't you the one that agitated all this, and brought this thing about?

"A. I don't think I was the first one that told it.

." Q. What did you do in the way of bringing about this transaction, Mrs. Worden ?

"A. I don't know as I did anything to bring it up.

" Q. Haven't you been here several times to consult the prosecutor about it ?

"A. Before the complaint was entered ?

" Q. Isn't it true that since the last trial of this case you have been here to consult the prosecutor ?

"A. I think I was up here and mentioned it once just after the other trial.

" Q. And isn't it true that you have done all that you could to secure a conviction of Mr. Rice in this case?"

This last question was objected to, and the objection sustained. I think that this was not error. This method of cross-examination comes directly within the condemnation of *People* v. *Cahoon*, 88 Mich. 456 (50 N. W. 384). Counsel for the defendant cite several cases holding that it is competent to show upon cross-examination the bias of a witness. The attorney for the people does not dispute this proposition. He only objects that the question was not a proper one for that purpose. In none of the cases cited was the cross-examination like this attempted. The testimony offered in those cases relates to the acts or conduct or statements of the witness tending to show bias or prejudice. This witness had shown no disposition to suppress any facts or statements. Witnesses are entitled to

the protection of the court when assailed in this manner. See *People* v. *Gotshall*, 123 Mich. 474 (82 N. W. 274).

The conviction is affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision.